IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICKY WAYNE TOLBERT, JR.<br>Petitioner, | §<br>§<br>§ | |
| v. | § | 3:15-CV-0234-P-BK |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, which was referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. Petitioner challenges the execution of his federal sentence. Specifically, he requests credit for the more than eight years he spent in the Texas Department of Criminal Justice Institutional Division, serving a state juvenile sentence. [Doc. 3 at 1].

The Court lacks jurisdiction to consider his habeas petition. Although Petitioner was sentenced on his federal case in this Court, any section 2241 habeas action must be brought in the district in which he is confined. *See Lee v. Wetzel*, 244 F.3d 370, 374-375 (5th Cir. 2001) (holding the sentencing court lacked jurisdiction over the section 2241 petition because the petitioner was not incarcerated within that district, and remanding the case with instructions to dismiss without prejudice). Petitioner is presently confined at Three Rivers FCI in Three Rivers, Texas, which is located in Live Oak County. Because Petitioner is confined within the boundaries of the United States District Court for the Southern District of Texas, Corpus Christi Division, any section 2241 action should be brought there.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** without prejudice for lack of jurisdiction.

The Clerk of the Court is **directed** to mail to Petitioner two blank forms for filing a section 2241 habeas petition.

SIGNED January 29, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE